UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-66 (JWB/TNL) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO QUASH SUBPOENAS |
| Yuny Rodriguez-Hurtado (1), | |
| Defendant. | |

The Government moves to quash four subpoenas served by Defendant Yuny Rodriguez-Hurtado seeking testimony from former and current personnel of the U.S. Attorney's Offices in Minnesota and the Northern District of New York. (Doc. No. 306.) Defendant argues that the testimony is essential to prove that a Rule 20 transfer and sentencing consolidation would likely have occurred had defense counsel requested it. The Government contends the subpoenas seek privileged, cumulative, and speculative testimony, and are not necessary under Rule 17(c).

The motion is granted without prejudice.

Although it is relevant that transfer under Rule 20 may have been procedurally available, that fact by itself is not independently material. The operative issue is whether consolidation was a reasonably available strategy that would have altered the sentencing outcome. On that score, Defendant has not yet made a sufficient showing. Unless he first establishes that the Minnesota and New York offenses were part of a common scheme or plan such that consolidation was likely and material under U.S.S.G. § 4A1.2, testimony

from current or former U.S. Attorneys about transfer approval is not material. Without consolidation, the sentencing impact of any transfer becomes moot.

Even if the issue were ripe, the requested testimony is not necessary within the meaning of Rule 17(c). Defendant has other avenues—expert testimony, declarations from former defense counsel, or even testimony from probation officers—to explain the Rule 20 process and its typical success rates. Assuming, *arguendo*, that the U.S. Attorney's opinion is "the best evidence" still does not render the testimony indispensable. The probative value of that testimony at this point is both speculative and cumulative.

To the extent the subpoenas implicate deliberative processes or work-product concerns, those issues need not be resolved now. But responding to the Defendant, it is noted that the absence of a transfer request does not, in itself, eliminate the risk that testimony could delve into privileged internal assessments and considerations had such a request been made.

Therefore, the motion to quash (Doc. No. 306) is granted without prejudice. If Defendant later makes a sufficient showing that consolidation was a viable and prejudicially omitted strategy, he may renew the request for testimonial evidence from Government witnesses—subject to privilege and necessity constraints.

The parties shall meet and confer and submit any evidentiary stipulations by June 16, 2025. Any such submission may be filed under seal or in camera.

Date: June 13, 2025                             *s/ Jerry W. Blackwell*
                                                JERRY W. BLACKWELL
                                                United States District Judge